UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| FRED T. WORKMAN, II, | CASE NO. 1:20-cv-00184 |
| Plaintiff, | OPINION & ORDER |
|  | [Resolving Doc. 1, 15, 16] |
| vs. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Fred T. Workman, II seeks judicial review of the Social Security Commissioner's final decision denying Workman's disability insurance benefits and supplemental security income applications.[1] Magistrate Judge Thomas M. Parker filed a Report and Recommendation that recommended the Court affirm the Commissioner's decision.[2] Plaintiff Workman objects.[3] The Commissioner responds.[4]

For the following reasons, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** Magistrate Judge Parker's Report and Recommendation, and **AFFIRMS** the Social Security Commissioner's final decision.

I. Background

On September 20, 2017, Plaintiff Fred. T. Workman, II applied for disability insurance benefits and supplemental security income due to heart disease, high blood pressure,

---

[1] Doc. 1.
[2] Doc. 15. *See* Local Rule 72.2(b).
[3] Doc. 16.
[4] Doc. 17.

Case No. 1:20-cv-00184
GWIN, J.

difficulty breathing, and knee issues.[5] The Social Security Administration denied Workman's applications initially and on reconsideration.[6]

Workman requested a hearing before a Social Security Administrative Law Judge. On July 3, 2019, an Administrative Law Judge held a hearing on Workman's case.[7] On July 23, 2019, the administrative law judge found Workman was not disabled and denied Workman's claims.[8] The Appeals Council denied to further review Workman's case.[9] Therefore, the Administrative Law Judge's decision is the Social Security Commissioner's final decision.

On January 28, 2020, Workman initiated the instant case seeking judicial review of the Commissioner's final decision.[10] In his merits brief, Plaintiff asserted that the Administrative Law Judge failed to (1) appropriately weigh medical opinion evidence, and (2) apply the proper legal standard when evaluating Workman's subjective symptoms.[11]

On December 21, 2020, Magistrate Judge Parker filed a Report and Recommendation, recommending the Court affirm the Commissioner's final denial decision involving Workman's applications.[12] Magistrate Judge Parker found that the Administrative Law Judge applied the proper legal standards and reached a decision that substantial evidence supported.[13]

---

[5] Doc 11 at 2; Doc. 15 at 2.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at 2–3.
[10] Doc. 1.
[11] Doc. 11.
[12] Doc. 15 at 27.
[13] *Id.*

Case No. 1:20-cv-00184
GWIN, J.

On January 4, 2021, Plaintiff Workman objected to Magistrate Judge Parker's Report and Recommendation.[14] With his objection, Workman repeats arguments he raised in his merits brief.[15]

## II.  Standard of Review

The Court reviews *de novo* the objected-to portions of a Magistrate Judge's Report and Recommendation.[16]

Reviewing courts "will uphold the Commissioner's decision if it is supported by substantial evidence and if the Commissioner applied the correct legal criteria."[17]

"The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion."[18] Under the substantial-evidence standard, "there is a zone of choice within which the decisionmakers can go either way, without interference by the courts."[19]

Still, the court will not uphold the Commissioner's decision where the Social Security Administration "fail[ed] to follow its own regulation and where the error prejudices a claimant on the merits or deprives the claimant of a substantial right."[20]

## III.  Discussion

Addressing Workman's first claim of error, the Administrative Law Judge applied the proper legal standard for evaluating medical opinion evidence. Moreover, substantial

---

[14] Doc. 16.
[15] *Id.*
[16] 28 U.S.C. § 636(b)(1)
[17] *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745–46 (6th Cir. 2007).
[18] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)) (internal quotation marks omitted).
[19] *Id.* (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).
[20] *Bowen*, 478 F.3d at 746.

- 3 -

Case No. 1:20-cv-00184
GWIN, J.

evidence supports the Administrative Law Judge's determination that Dr. Newton's opinion was less persuasive.

In accordance with Social Security Administration regulations,[21] the Administrative Law Judge considered the supportability and consistency of Dr. Newton's opinion and explained why found the opinion unpersuasive.[22] Further, the Court is not persuaded that the Administrative Law Judge failed to consider the entire record simply because he did not repeat each of Dr. Newton's specific opinions.[23]

Finally, substantial evidence supports the Administrative Law Judge's determination that Dr. Newton's opinion was inconsistent with the record. The Administrative Law Judge cited Workman's completion of cardiac rehabilitation and his thirty-minute daily walks taken at his doctor's direction.[24] Workman's arguments to the contrary demonstrate a misunderstanding of the substantial-evidence standard.[25]

Addressing Workman's second claim of error, the Administrative Law Judge applied the proper legal standard for evaluating subjective symptoms. Likewise, substantial evidence supports the Administrative Law Judge's determination that Workman's statements about the intensity and persistence of his symptoms were inconsistent with the record.

---

[21] 20 C.F.R. § 404.1520c(b)(2).

[22] Doc. 10 at 35–36, PageID #: 89–90.

[23] As Magistrate Judge Parked noted, an Administrative Law Judge "is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding." See *Poe v. Comm'r of Soc. Sec.*, 342 Fed.Appx. 149, 157 (6th Cir. 2009).

[24] Doc. 10 at 35–36, PageID #: 89–90.

[25] See *Blakley*, 581 F.3d at 406 ("[I]f substantial evidence supports the [Administrative Law Judge's decision, the Court defers to that finding even if there is substantial evidence in the record that would support an opposite conclusion.") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)) (internal quotation marks omitted).

Case No. 1:20-cv-00184
GWIN, J.

In accordance with Social Security Administration regulations, the Administrative Law Judge considered the entire record, including objective medical evidence and other evidence, in evaluating the intensity and persistence of Workman's symptoms. Further, the Administrative Law Judge discussed the impact of all Workman's impairments on his symptoms, including his heart disease.[26]

Moreover, substantial evidence supports the Administrative Law Judge's decision to discount Workman's subjective symptoms.[27] The Administrative Law Judge highlighted Workman's daily activities, his completion of cardiac rehabilitation, and Workman's walk-test, among other evidence.[28]

IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff Workman's objection, **ADOPTS** the Report and Recommendation, and **AFFIRMS** the Social Security Commissioner's final decision.

IT IS SO ORDERED.

Dated: March 25, 2021  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[26] *See* Doc. 10 at 33–34, PageID #: 87–88 (discussing Workman's heart disease and shortness of breath).
[27] Doc. 15 at 25–26.
[28] *See* Doc. 10 at 33–35, PageID #: 87–89.

- 5 -